**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIC ALLEN SCOTT INGRAM,<br><br>*Petitioner*,<br><br>v.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, and WARDEN OF ALLEGNEY COUNTY JAIL,<br><br>*Respondents*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:25-cv-01353<br><br>District Judge Mark R. Hornak<br>Magistrate Judge Kezia O. L. Taylor |

**REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

Currently pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Eric Allen Scott Ingram ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 1. For the following reasons, the Petition should be dismissed as moot.

## II. REPORT

### A. Background

On March 7, 2014, Petitioner was sentenced in federal court for bank robbery, in violation of 18 U.S.C. § 2113.[1] ECF No. 8 at 2. On that same date, his term of supervised release imposed for a prior bank robbery conviction was revoked and he was sentenced to an aggregate 168-month term of incarceration to be followed by a three-year term of supervised release. *Id.*

---

[1] *See United States v. Ingram*, 2:12-cr-00203 (W.D. Pa.)

On April 19, 2023, Petitioner was given an unescorted furlough and transferred from United States Penitentiary Terre Haute, in the state of Indiana, to a Residential Reentry Center ("RRC") in Pittsburgh, Pennsylvania. *Id*. According to Petitioner, his statutory release date was supposed to be April 18, 2024. ECF No. 1 at 5. However, on October 2, 2023, he was arrested by Pittsburgh Police officers on a warrant for his alleged involvement in a robbery of two University of Pittsburgh students that occurred in September 2023. ECF No. 8 at 2. At that time, he was transported to the Allegheny County Jail to be held on those charges and a federal detainer was lodged against him. *Id*.

According to the Government, Petitioner was designated a "technical escape" from the RRC following his arrest on October 2, 2023, and the next day, the Federal Bureau of Prisons ("BOP") placed him on "inoperative" status pursuant to BOP policy.[2] *Id*. Petitioner asserts that, while he was in the Allegheny County Jail on October 5, 2023, he received two escape incident reports from the BOP – the first report was issued as a result of his whereabouts in the community being unknown while he was supposed to be at work on September 27th and 28th and the second report was issued as a result of his inability to return to the RRC after he was arrested by Pittsburgh police on October 2nd. *See* ECF No. 1-1. However, the Government maintains that no final determination from a Discipline Hearing Officer was made on those incident reports as to the discipline that could be taken against him. ECF No. 8 at 2.

At the time he filed his Petition in this case, Petitioner was being held on state charges at the Allegheny County Jail with a federal detainer. In his Petition, he alleges that the BOP "intentionally misused and misapplied" its policy when it placed him on inoperative status, and

[2] According to the Government, an inmate becomes "inoperative" when the inmate is designated an escape/technical escape, and this means that the BOP will not re-calculate that inmate's federal sentence until he comes back into BOP custody. ECF No. 8-1 at 3.

he is thus entitled to have the time he has spent in state custody count toward his federal sentence. ECF No. 1 at 14-18. He argues that, as a result of the BOP's misapplication of their policy, he has been detained for over a year passed his statutory release date, which he claims amounts to cruel and unusual punishment. *Id*. at 24-25. Additionally, he alleges that the two incident reports he received on October 5, 2023, are "invalid" for a variety of reasons and that he has been denied due process in connection with those incident reports. *Id*. at 18-22.

As relief, he asks this Court to order removal of the federal detainer lodged against him and expungement of the two incident reports, and to permit him to report for his term of supervision after his release from state custody. *Id*. at 27.

On September 15, 2026, the Government filed a Notice of Suggestion of Mootness advising the Court that Petitioner was released from the custody of the BOP pursuant to the First Step Act on July 21, 2026. ECF No. 18. Since that filing, Petitioner has not provided this Court with any type of pleading or correspondence refuting the Government's position that his Petition is now moot, nor has Petitioner provided this Court with an updated address. A quick search on the BOP inmate locater website reveals that Petitioner was, in fact, released from BOP custody on July 21, 2026.

Because it appears that this Court can no longer provide Petitioner with the relief he is seeking in his Petition, it is recommended that the Court dismiss the Petition as moot.

**B. Mootness**

Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. Art. III, § 2; *see Chong v. District Dir., I.N.S.*, 264 F.3d 378, 383 (3d Cir. 2001) ("[T]he exercise of judicial power depends upon the existence of a case or controversy."). "This case-or-controversy requirement subsists through all stages of

federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). *See also Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy") (emphasis in original). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A court's ability to grant effective relief lies at the heart of the mootness doctrine. *County of Morris v. Nationalist Mvmt.*, 273 F.3d 527, 533 (3d Cir. 2001); *see also In re Material Witness Warrant Nichols*, 77 F.3d 1277, 1279 (10th Cir. 1996) (noting that mootness means that it would be impossible to grant the petitioner any meaningful relief on his claims). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

**C. Discussion**

Here, Petitioner is challenging the execution of his sentence by the BOP who, by placing him on "inoperative" status, is not crediting Petitioner's federal sentence with the time he has spent in state custody. In other words, by asking this Court to remove his federal detainer and permit him to report to his term of supervised release following his release from state custody, Petitioner is seeking release from the custody portion of his federal sentence. He has, however, already been released from the custody portion of his federal sentence.

The question is whether this case is moot because it no longer presents a live case or controversy. As explained in *Burkey v. Marberry*, 556 F.3d 142 (3d Cir. 2009), in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." *Id.* at 147. However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Id.*; *see also United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008). Where the petitioner is "attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven." *Burkey*, 556 F.3d at 148.

Since Petitioner is no longer serving the incarceration portion of his federal sentence, the validity of which he challenges in his Petition, the Court cannot presume collateral consequences in this case. And because Petitioner has not demonstrated that he will suffer some collateral consequences that will result absent a favorable judicial decision, his Petition should be dismissed as moot.

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Petition for Writ of Habeas Corpus, ECF No. 1, be dismissed as moot. It is further recommended that the Motions at ECF Nos. 13 and 15 be dismissed as moot, as well.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Petitioner shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Petitioner's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: October 9, 2026.

/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge

Cc: Eric Allen Scott Ingram
04393-068
Pekin
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 5000
Pekin, IL 61555

Counsel for Respondents
(Via CM/ECF electronic mail)